

**THOMAS J. CATLIOTA**
**U.S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| In re: | * | Case No.   18-20004 |
| Alexander Britton Browne, III | * | Chapter   7 |
| Debtor | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OF DECISION

Janet Nesse, the Chapter 7 trustee, objects to the exemption claimed under 11 U.S.C. §522(b)(3)(B) by the debtor, Alexander Britton Browne, III, for his interest in real property he owns with his nonfiling wife as tenants by the entireties.  ECF 17.  The trustee, relying on *U.S. v. Craft*, 535 U.S. 274, 122 S.Ct. 1414, 152 L.Ed.2d 437 (2002), contends the debtor's entireties interest is not exempt to the extent of the tax claim asserted by the Internal Revenue Service.  The debtor contends *Craft* does not apply because the tax claim is asserted against the debtor only, and not his wife, and is only an unsecured claim.  The debtor argues that *Craft* applies only where the IRS obtains a valid and enforceable tax lien prepetition.  For the reasons that follow, the court concludes that the debtor's entireties interest in the property "immediately before the

commencement of the case" was not "exempt from process" by the IRS, and therefore will sustain the trustee's objection. *See* §522(b)(3)(B)[1].

The court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334, 157(a) and Local Rule 402 of the United States District Court of the District of Maryland. This is a statutorily core proceeding pursuant to 28 U.S.C. §157(b)(2)(B), and the court has constitutional authority to resolve the dispute under the standards of *Stern v. Marshall*, 564 U.S. 462, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011).

## Findings of Fact

The debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on July 30, 2018. The debtor and his nonfiling spouse own, as tenants by the entireties, real property located at 5911 Harwick Road, Bethesda, Maryland (the "Property").

The debtor listed the Property on Schedule A/B with a value of $946,094 and disclosed on Schedule D a deed of trust loan against the Property of $352,000. ECF 1 at p. 10, 18. The debtor claimed the property as exempt on Schedule C, asserting an exemption for "Tenants by the Entireties — Sumi[sic] v Schlossberg, 777 F.2d 921 (4th Cir. (MD) 1985) 100% except as to joint creditors and the IRS." *Id*. at p. 16.

On his Schedule E/F, the debtor anticipated five general unsecured claims of the IRS as follows:

2001 - $7,227.37

2002 - $79,390.40

2003 - $45,077.43

2011 - $8,143.12

---

[1] Unless otherwise noted, all statutory references are to the Bankruptcy Code, 11 U.S.C. §§101 *et seq.*, as currently in effect.

2004 - $0.29

*Id*. at p. 25-26. *See also*, ECF 13 at p. 7-8. The claims are not disputed nor listed as contingent or unliquidated.

The IRS filed a proof of claim in amount $139,275.68. Claim 1-1. The claim includes unpaid taxes for 2001, 2002, 2003, and 2011. *Id*. at p. 4. The taxes for years 2001, 2002, 2003 were assessed on August 8, 2011. *Id*. The taxes for tax year 2011 were assessed on May 28, 2012. *Id*. The claim is for taxes due in the amount of $50,273 and the balance is for interest and penalties. *Id*. The IRS claim is a general unsecured claim subject to discharge, not a priority claim, and is not asserted as a secured claim.

The trustee timely filed an objection to the debtor's claim for an entireties exemption of the Property to the extent of the IRS claim. ECF 17. After further briefing, the court held a hearing on November 29, 2018. ECF 18, 19.

## Conclusions of Law

Section 541(a)(1) of the Bankruptcy Code includes as property of the estate "all legal or equitable interests of the debtor in property." A debtor may then exempt property from the bankruptcy estate pursuant to §522(b). The dispute here is over the scope of the exemption for property held as tenants by the entirety.

Under §522(b)(3), exempt property includes:

> any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

§522(b)(3)(B). Thus, the question is whether the debtor's entireties interest in the Property "immediately before the commencement of the case" was "exempt from process under applicable nonbankruptcy law." The burden is on the trustee to prove the exemption is not

3

properly claimed. Fed. R. Civ. P. 4003(c). The court concludes the debtor's entireties interest was not exempt from process by the IRS, and therefore is not exempt to the extent of the tax claim.

There is no dispute that, to the extent "applicable nonbankruptcy law" includes state law, the debtor's interest in the Property is exempt under Maryland law from the claims of non-joint creditors. *In re Bell-Breslin*, 283 B.R. 834, 837 (Bankr. D. Md. 2002) (Individual creditors cannot levy upon nor sell a debtor's undivided interest in entireties property to satisfy debts owed solely by the debtor.) Therefore, by reference to state law, the debtor's interest in entireties property is exempt under §522(b)(3)(B) except to the extent of joint creditors. *Sumy v. Schlossberg*, 777 F.2d 921 (4th Cir. 1985).

The phrase "applicable nonbankruptcy law" in §522(b)(3)(B) however, includes federal law, and federal tax law is at the center of this dispute. In *U.S. v. Craft*, the Court considered whether the statutory lien that arises under 26 U.S.C. §6321 attaches to a tenant by the entirety interest of a taxpayer for individual tax debt.[2] The Court concluded that a husband's entireties interest is subject to attachment of the statutory tax lien for the husband's sole tax obligation. *Craft*, 535 U.S. at 276.

The tax code provides that the amount of any unpaid tax, after demand, shall be a lien in favor of the United States on "all property and rights to property," whether real or personal, belonging to the taxpayer. 26 U.S.C. §6321. In reaching its conclusion, the Court found that "[t]he statutory language authorizing the tax lien 'is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have.'" *Id.* at 283 (quoting *U.S. v.*

---

[2] 26 U.S.C. §6321 provides:
> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

*Nat'l Bank of Commerce*, 472 U.S. 713, 719-20, 105 S.Ct. 2919, L.Ed.2d 565 (1985)).  The Court also noted that "'[s]tronger language could hardly have been selected to reveal a purpose to assure the collection of taxes.'"  *Id.*  (quoting *Glass City Bank v. U.S.*, 326 U.S. 265, 267, 66 S.Ct. 108, 90 L.Ed. 56 (1945)).

The Court looked to state law to determine what rights the husband had in the property, and then to federal law to determine the federal question at issue: whether those rights constitute "property" or "rights to property" for purposes of 26 U.S.C. §6321.  *Id.* at 278.  Using the common idiom describing property as a "bundle of sticks" the Court considered the rights a tenant by the entireties holds under Michigan law—which "sticks" are in a person's bundle—to determine whether those sticks qualify as "property" or "rights to property" in answer to the federal question.  *Id.*  The state rights include, among others, the right to use and receive income from the property and the right to exclude others from using it.  These rights, according to the Court, are among "the most essential property rights."  *Id.* at 283.  The Court concluded that these, and the other rights the husband held in entireties property, fell within the broad statutory language of "property" or "rights to property" in 26 U.S.C. §6321.  *Id.*  As such, the husband's interest was subject to attachment of the tax lien that arose from his individual unpaid obligation to pay taxes.[3]

The Court recognized that a different conclusion would be reached under Michigan law.  *Id*. at 288.  But in answering the federal question, the Court was "in no way bound" by the state law determination: "exempt status under state law does not bind the federal collector."  *Id.* at 288.

---

[3] There is no dispute that debtor's rights as a tenant by the entireties under Maryland law are not materially different than those of a tenant by the entireties under Michigan law, the applicable state law in *Craft*.

*Craft* is fatal to the debtor's claim of exemption to the extent of his tax debt. Under §522(b)(3)(B), the exemption applies to any interest in property in which the debtor had, "immediately before the commencement of the case," an interest as a tenant by the entirety "to the extent that such interest . . . is exempt from process under applicable nonbankruptcy law." §522(b)(3)(B). *Craft* establishes that the debtor's entireties interest in the Property was not "exempt from process" by the IRS to collect the individual tax claim. That was the very point of *Craft* — the lien under 26 U.S.C. §6321 attached to the taxpayer's entireties interest for his individual tax claim, allowing the IRS to pursue its lien rights. Therefore, the debtor's entireties interest is not exempt under §522(b)(3)(B) to the extent of the tax claim.

The debtor contends that *Craft* has a very limited application to this case. As he argues, "[w]here there is no valid federal tax lien, *Craft* is inapplicable." ECF 18 at 3. He argues that the significance of *Craft* is that the IRS could have obtained a valid and enforceable prepetition lien against the debtor's interest in the Property by filing a notice of lien. Had it done so, the IRS could be paid from the debtor's interest in the Property by way of its properly obtained, prepetition lien. He contends that because it did not do so, the IRS is nothing more than an individual unsecured creditor of the debtor and cannot reach the entireties interest. The debtor argues that in the absence of a valid and enforceable tax lien, the exemption applies.

The status of the IRS lien against the debtor's interest in the Property as of the petition date is not seriously in dispute. Under *Craft* and by application of the tax code, the statutory tax lien attached against the debtor's interest in the Property after assessment. 26 U.S.C. §§6321, 6322.[4] As pertinent here, the statutory lien exists until the taxes, interest and other amounts are

---

[4] 26 U.S.C. §6322 provides:
    Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a

6

paid. 26 U.S.C. §6322. Although no further action is required for the statutory lien to exist, the lien does not have priority in the absence of a "Notice of Federal Tax Lien" and "remains unperfected and unsecured until a notice of lien is filed in accordance with §6323(f)." *In re Barnett*, 62 B.R. 638, 640 (Bankr. D. Md. 1986) (quoting McQueen and Crestol, *Federal Tax Aspects of Bankruptcy*, §10.01 (1986)). Thus, as of the bankruptcy filing, the statutory tax lien under 26 U.S.C. §6321 had attached to the debtor's interest in the Property but was invalid against purchasers and others and was without priority. 26 U.S.C. §6323(a).

The foregoing is academic to the issue before the court. Section 522(b)(3)(B) does not speak of liens and the status of the lien is not pertinent for purposes of this section. The question is *could* the IRS have filed the notice of lien and pursued its rights against the debtor's interest in the Property immediately before the commencement of the case. *Craft* establishes that it could have done so. The interest therefore was not "exempt from process" by the IRS prior to the petition.

Because the debtor focuses exclusively on the status of the lien, he does not argue that the interest was exempt from process by the IRS "immediately before the commencement of the case." He offers no reason or authority that could support the position that the interest was exempt from process prior to the petition. Indeed, debtor's recognition that the IRS could have filed a notice of tax lien and obtained a valid and enforceable lien against the interest before the case was filed defeats his contention that the interest is exempt from the tax claim.

Support for this holding is further found in *Sumy v. Schlossberg*. As stated above, there the Fourth Circuit held that property held as tenants by the entireties is not exempt under §522(b)(3)(B) to the extent of joint creditors because, under Maryland law, joint creditors can

---

judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time.

7

levy upon entireties property to satisfy the debt. *Sumy*, 777 F.2d at 928. In reaching this conclusion, the Fourth Circuit explicitly held that the joint creditors' claims need not be secured or reduced to judgment.

> We also agree with the conclusion stated in *Sefren* and *Seidel* that the joint creditors need not obtain or already possess a joint judgment against the debtor and the nonfiling spouse or a lien against their entireties property.… Moreover, the absence of a judgment or lien has no bearing on the hypothetical issue of whether the debtor's interest would be exempt from process under state law, so the property cannot be exempted and remains part of the estate to the extent of joint claims regardless of the joint creditors' actual possession of a judgment or lien under state law.

*Id*. at n.14. The same rationale applies to tax claims. To defeat the exemption, tax claims need not be reduced to judgment or, as debtor contends, secured by enforceable liens. The sole question is whether the asset is exempt from process immediately before the debtor files the petition. Stated otherwise, the question is *could* the creditor have sought a judgment, or in the case of the IRS, obtained an enforceable lien, before the petition was filed, and not *did* the creditor or IRS do so. Here, the debtor's interest in the Property is not exempt from process by the IRS, and therefore, it is not exempt to that extent.

The debtor relies on the following passage from a memorandum of the IRS Office of Chief Counsel:

> Generally, exempt property is not liable for any prepetition debts during or after the bankruptcy case except debts secured by unavoided liens and tax liens with respect to which a Notice of Federal Tax Lien has been filed. 11 U.S.C. §522(c). In essence, a debtor may avoid a statutory tax lien on his exempt property by exempting the property from the estate, but he may not avoid a tax lien where a Notice of Federal Tax Lien has been filed. Whereas excluded property never becomes property of the estate, exempt property initially becomes estate property under section 541(a) and later, during the case, is returned to the debtor.

IRS CCA 200634012 (I.R.S. June 23, 2006). This passage is unavailing. The first sentence simply recognizes that exempt property remains subject to valid and unavoidable liens under

§522(c), but otherwise is not liable for prepetition debts.[5] It provides no insight into what property is exempt. The second sentence, which points out that the statutory lien of 26 U.S.C. §6231 is subject to avoidance on exempt property but the enforceable lien that arises upon the filing of a notice of lien is not, essentially paraphrases the effect of §522(c)(2)(B). The third sentence describes the exemption process. This passage focuses exclusively on post-petition matters and does not support the necessary predicate for establishing the exemption—that debtor's interest in the Property was exempt from process by the IRS immediately before the commencement of the case.

Finally, the debtor cites several cases that addressed *Craft* in the context of a chapter 7 trustee's strong-arm powers under §544. Under §544, a trustee holds, as of the commencement of the case, the rights and powers of a hypothetical "creditor that extends credit to the debtor at the time of the commencement of the case." §544(a)(2). After *Craft*, trustees argued that they could assert the rights of the IRS as the hypothetical "creditor that extends credit" and assert the IRS's rights to purse an entireties interest where no federal tax debt existed. *See Schlossberg v. Barney*, 380 F.3d 174, 182 (4th Cir. 2004); *see also In re Knapp*, 285 B.R. 176 (Bankr. M.D.N.C. 2002). As the Fourth Circuit stated, "every court to have addressed" this issue rejected the trustee's argument. *Schlossberg v. Barney*, 380 F.3d at 179. The cases are inapposite. The trustee here is not asserting the rights of the IRS, or any creditor, under the

---

[5] 11 U.S.C. §522(c) provides:
> Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except--
>> (1) a debt of a kind specified in paragraph (1) or (5) of section 523(a) (in which case, notwithstanding any provision of applicable nonbankruptcy law to the contrary, such property shall be liable for a debt of a kind specified in such paragraph);
>> (2) a debt secured by a lien that is--
>>> (A)(i) not avoided under subsection (f) or (g) of this section or under section 544, 545, 547, 548, 549, or 724(a) of this title; and
>>> (ii) not void under section 506(d) of this title; or
>>> (B) a tax lien, notice of which is properly filed;

9

strong-arm provisions of §544.  Rather, she is seeking to administer the interest in the Property under her duty to "collect and reduce to money the [nonexempt] property of the estate." §704(a)(1).  The debtor's interest in the Property is property of the estate that is not exempt from process by the IRS to the extent of the tax claim.  Therefore, the trustee may administer the interest to the extent of that claim.

<u>Conclusion</u>

For the foregoing reasons the court will sustain the trustee's objection to the debtor's entireties exemption of his interest in the Property to the extent of the IRS claim.  A separate order will follow.

cc:

Alexander Britton Browne, III
5911 Harwick Rd.
Bethesda, MD 20816
*Debtor*

Michael G. Wolff
Wolff & Ornstein, LLC
15245 Shady Grove Rd. Ste. 465
North Lobby
Rockville, MD 20850
*Counsel for Debtor*

Janet M. Nesse
McNamee, Hosea, et. al.
6411 Ivy Ln. Ste. 200
Greenbelt, MD 20770
*Trustee*

Justin Fasano
McNamee, Hosea, et. al.
6411 Ivy Ln. Ste. 200
Greenbelt, MD 20770
*Counsel for Trustee*

**END OF MEMORANDUM OF DECISION**